**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 11, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50325

_____

RAMON GONZALEZ, JR., M.D.,

Plaintiff-Appellant,

v.

MORGAN STANLEY DEAN WITTER, INC.; ET AL.,
Defendants,

MORGAN STANLEY DEAN WITTER, INC.; ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CV-901

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Ramon Gonzalez, Jr., appeals the
district court's grant of judgment as a matter of law ("JMOL") in
favor of Defendants-Appellees Morgan Stanley Dean Witter, Inc.
and Carl I. Fuhrmann, Jr. (collectively "Morgan Stanley"). After
Gonzalez presented his case to the jury, the district court found
there was no legally sufficient evidentiary basis for a

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

reasonable jury to find in favor of Gonzalez on his fraud claims.[1] More specifically, the district court concluded that Gonzalez had a non-discretionary account with Morgan Stanley and that he had not presented evidence of a fraudulent misrepresentation or material omission, a necessary element of his fraud claims.[2]

We review a grant of JMOL *de novo*. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 218 (5th Cir. 2001). JMOL is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." FED. R. CIV. P.

---

[1] Gonzalez brought a claim for common law fraud and a claim for fraud under the Texas Securities Act. *See* TEX. REV. CIV. STAT. ANN. art. 581-33(A)(2).

[2] Both the Texas Securities Act and common law fraud claims require a misrepresentation. The Texas Securities Act states:

> A person who offers or sells a security . . . by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, is liable to the person buying the security from him . . . .

TEX. REV. CIV. STAT. ANN. art. 581-33(A)(2).

Under Texas law, in order to bring a common law fraud cause of action, the plaintiff must show:

> (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 n.3 (5th Cir. 2002).

50(a)(1).  "We are to review the record as a whole, drawing all reasonable inferences in favor of the nonmoving party and without making credibility determinations or weighing the evidence. . . . [T]here must be more than a mere scintilla of evidence in the record to render the grant of JMOL inappropriate."  *Wallace*, 271 F.3d at 219.

Gonzalez failed to present more than a mere scintilla of evidence of a fraudulent representation.  Gonzalez had a non-discretionary account with Morgan Stanley: he needed to approve each transaction before it was effected.  The evidence shows that Gonzalez, or his wife on his behalf, assessed each of Morgan Stanley's recommendations and accepted or rejected the recommendations based on that assessment.  The record does not establish an actionable fraudulent representation regarding the performance of Gonzalez's fund.  AFFIRMED.